# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 04-20101-01-CM** |
| | ) | |
| IMON WRIGHT, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

On September 9, 2005, a jury convicted defendant of Count 1 of the Superseding Indictment, which was for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, or "crack" cocaine.  The jury failed to reach a verdict on the second two counts of the Superseding Indictment, which charged possession with intent to distribute more than 50 grams of crack cocaine and possession of a firearm during and in relation to and in furtherance of a drug trafficking crime.  The matter is now before the court on Defendant's Motion for a New Trial (Doc. 123).

In considering a motion for new trial, the court has broad discretion which will not be disturbed on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).  The standards for granting a new trial are not as strict as the standards for granting judgment of acquittal.  Federal Rule of Criminal Procedure 33 provides that a court may grant a new trial "if the interest of justice so requires."  Additionally, any error which would require reversal on appeal is a sufficient basis for granting a new trial.  *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000) (quotation

and citation omitted).  But courts disfavor new trials, *United States v. Gleeson*, 411 F.2d 1091, 1093

(10th Cir. 1969), and exercise great caution in granting them, *United States v. Sinclair*, 109 F.3d 1527,

1531 (10th Cir. 1997).  The burden of proving that a new trial is warranted rests on the defendant.

*Walters*, 89 F. Supp. 2d at 1213 (citations omitted).

Defendant makes three arguments in support of his motion for a new trial: (1) the conspiracy

conviction was not supported by the evidence adduced at trial; (2) the court improperly allowed repeated

references to other crimes allegedly committed by defendant; and (3) the guilty verdict on the conspiracy

charge was inconsistent with the jury's failure to reach a verdict on Count 2.

**A.      Sufficiency of the Evidence**

The court rejects defendant's first argument.  The evidence presented at trial was sufficient to

support the jury's finding that defendant was guilty of participating in a conspiracy as charged in the

Superseding Indictment.  This case involved controlled buys of crack cocaine from a residence located at

1035 Mildred in Kansas City, Kansas.  The jury heard evidence that the Kansas City Kansas Police

Department's Special Enforcement Unit executed a search warrant at the residence after completing the

controlled buys, and that defendant attempted to flee from officers while carrying two softball-sized bags of

crack cocaine.  Officers found the bags on the floor after defendant attempted to throw them out the

window.  Officers also found a digital scale and plastic baggies, which are often used for distribution of

illegal narcotics.

Furthermore, the jury heard evidence that defendant's girlfriend paid the utilities on the 1035

Mildred house prior to the drug raid.  Evidence was introduced that 1035 Mildred was used by defendant,

Jerry Robinson, Kenneth Robinson, and others to store and distribute drugs.  Both Kenneth Robinson and

-2-

Jerry Robinson were found in possession of marked "buy" money from the controlled drug buys, when the evidence indicated that the controlled buys were made at 1035 Mildred from other unknown co-conspirators.  The jury also heard evidence that a large amount of cash was seized from defendant's person.  And Jerry Robinson testified as to drug transactions he conducted with defendant during the course of the conspiracy.  The court concludes that the verdict was not "clearly, decidedly, or overwhelmingly against the weight of the evidence."  *Champion Home Builders v. Shumate*, 388 F.2d 806, 808 (10th Cir. 1967).

**B.       References to Other Crimes**

With respect to defendant's second argument, the court finds that the evidentiary rulings were proper.  But even in the event that one or more of the rulings were in error, they did not unfairly prejudice defendant to the extent that they would require a new trial.

DEA Task Force Officer Pam Bennett testified that defendant was a fugitive when he was arrested by the United States Marshal's Service.  The defendant objected to her testimony and moved for a mistrial. At that time, the court overruled defendant's motion for a mistrial and gave a cautionary instruction to the jury, instructing the jury to disregard the testimony.  Officer Bennett also testified that the money taken from defendant on the night of his arrest had been forfeited to the State of Kansas because of a tax stamp violation.  Defendant objected, arguing that such information was improper evidence of a prior charge or official action by the State of Kansas.

The court finds that the cautionary instruction cured any prejudice to defendant caused by Officer Bennett's "fugitive" statement.  *See United States v. Ackerman*, 1992 WL 138488, at *1 (10th Cir. June 16, 1992) (holding that a cautionary instruction is generally "sufficient to cure any alleged prejudice to the

defendant").  Moreover, any error in allowing the testimony about the forfeiture of the funds was harmless.

The evidence of defendant's guilt presented at trial, which the court explained in more detail above, was

overwhelming, and defendant was not prejudiced by the testimony.  A new trial is necessary only where the

court cannot find "with reasonable certainty that the reference to [the inadmissible evidence] 'had but a very

slight effect on the jury.'"  *United States v. Sands*, 899 F.2d 912, 916 (10th Cir. 1990) (citation omitted).

The court believes with reasonable certainty that the jury's verdict was not affected by the reference to the

forfeiture of funds.  And the court gave defendant a chance to cure any error committed – the court

suggested that defendant draft a limiting instruction for the jury after the parties could not agree on a

stipulation relating to the evidence, but defendant failed to submit such an instruction.

Defendant also complains that Jerry Robinson was permitted to testify about drug transactions

between defendant and himself that occurred outside the dates of the charged conspiracy.  In *United*

*States v. Godinez,* 110 F.3d 448, 454 (7th Cir. 1997), the court dismissed a similar claim, stating that

"[t]he Government need not even charge a conspiracy in order for a coconspirator statement to be

admitted. . . .  It is irrelevant that the statement was not made within the time frame charged in the

indictment."  The statements by Jerry Robinson were properly admitted at trial.  In any event, again, any

error by the court was not prejudicial to defendant, based on the other evidence supporting his conviction.

## C.    **Inconsistency of Verdict**

Finally, the court rejects defendant's third argument.  First, the court finds that the jury's decision

on Count 1 was not inconsistent with its failure to reach a verdict on Count 2.  A jury may convict of a

conspiracy without also convicting of a particular offense committed in furtherance of the conspiracy.  A

conspiracy requires only an agreement to commit an offense – not actual commission of the offense by

defendant.  Second, even if the verdict were inconsistent with the jury's indecision on Count 2, the court will not review a verdict for inconsistency.  *See United States v. Powell*, 469 U.S. 57, 66 (1984); *United States v. Nichols*, 374 F.3d 959, 971 n.9 (10th Cir. 2004), *vacated on other grounds*, 125 S. Ct. 1082 (2005).

**IT IS THEREFORE ORDERED** that Defendant's Motion for a New Trial (Doc. 123) is denied.

Dated this 11th day of January 2006, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**