## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**                                **Case No. 04-20101-JAR**

**IMON L. WRIGHT,**

       **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court upon consideration of Defendant Imon Wright's *pro se* request to modify his revocation sentence (Doc. 199).  For the reasons discussed below, the Court construes Defendant's request as a motion to modify sentence under 18 U.S.C. § 3582(c), and dismisses for lack of jurisdiction.

### I.      Procedural Background

On September 9, 2005, Wright was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846.[1]  This Court sentenced Wright to 210 months' imprisonment, with a term of five years supervised release.[2]  Wright's sentence was ultimately reduced to 135 months after retroactive application of amendments to the United States Sentencing Guidelines.[3]

---

[1] Doc. 121.

[2] Doc. 143.

[3] Doc. 176.

Wright began his term of supervised release on December 31, 2014. On August 1, 2016, Wright was charged in Federal District Court with felon in possession of a firearm in violation of 18 U.S.C. § 924(c), Case No. 16-cr-20075. As a result, this Court revoked Wright's supervised release and sentenced him to a term of twenty-seven months, to be served consecutive to the 60-month term imposed in the 2016 criminal case.[4]

Wright did not file a direct appeal from his twenty-seven-month revocation sentence. On April 9, 2018, Wright mailed a letter to this Court requesting that his revocation sentence be revised to run concurrent with his sentence of 60 months on the gun charge.

## II.    Discussion

In view of Defendant's *pro se* status, the Court construes his letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c). Defendant asks the Court to modify and reduce his revocation sentence upon consideration of his efforts to improve his situation, citing completion of various educational and rehabilitative programs, including the HVAC and RDAP programs. Defendant requests his sentence for revocation of supervised release run concurrently with his sentence imposed in the 2016 criminal case.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[5] As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons", (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal

---

[4]Doc. 197; No. 16-20075, Doc. 29.

[5]*United States v. Mendoza,* 118 F.3d 707, 709 (10th Cir. 1997).

Procedure", or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[6]

If a defendant's argument does not fit within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider the request.[7]  None of the avenues set forth above apply to this case.  Although the Court commends Defendant for his rehabilitative efforts and accomplishments since his conviction, it does not find that it has the power to reduce his sentence as requested, and his motion must be dismissed for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Imon L. Wright's Motion to modify sentence (Doc. 199) is DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated: April 20, 2018

                                S/ Julie A. Robinson
                                JULIE A. ROBINSON
                                UNITED STATES DISTRICT JUDGE

---

[6]*United States v. Blackwell,* 81 F.3d 945, 947–48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[7]*United States v. Smartt,* 129 F.3d 539, 541 (10th Cir. 1997).