IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**

**IMON L. WRIGHT,**

    **Defendant.**

Case No. 04-20101-JAR

**MEMORANDUM AND ORDER**

This matter comes before the Court upon consideration of Defendant Imon Wright's *pro se* request to modify or reduce his sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 201). Mr. Wright seeks compassionate release under § 3582(c)(1)(A) due to the COVID-19 pandemic. The government has not responded. For the reasons discussed below, the Court dismisses Wright's motion for lack of jurisdiction.

**I.  Procedural Background**

On September 9, 2005, Wright was convicted by a jury of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846.[1] This Court sentenced Wright to 210 months' imprisonment, with a term of five years supervised release.[2] Wright's sentence was ultimately reduced to 135 months after retroactive application of amendments to the United States Sentencing Guidelines.[3]

---

[1] Doc. 121.
[2] Doc. 143.
[3] Doc. 176.

1

Wright began his term of supervised release on December 31, 2014.  On August 1, 2016, Wright was charged in Federal District Court with felon in possession of a firearm in violation of 18 U.S.C. § 924(c), Case No. 16-cr-20075.  As a result, this Court revoked Wright's supervised release and sentenced him to a term of twenty-seven months, to be served consecutive to the 60-month term imposed in the 2016 criminal case.[4]

Wright did not file a direct appeal from his twenty-seven-month revocation sentence.  On April 9, 2018, Wright mailed a letter to this Court requesting that his revocation sentence be revised to run concurrent with his sentence of 60 months on the gun charge.  The Court construed Wright's motion as one for reduction of sentence under § 3582(c) and dismissed the motion for lack of jurisdiction.[5]  Wright's date of release is January 19, 2023.  He now requests that his sentence be reduced due to COVID-19 and that he be released or placed on home confinement for the duration of his sentence.

## II.   Discussion

"[I]t is well-settled that '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"[6]  Section 3582(c) permits a court to modify a term of imprisonment for compassionate release only if certain exceptions apply.  Until recently, these exceptions required the Bureau of Prisons ("BOP") to move on a defendant's behalf.  In 2018, however, the First Step Act modified the compassionate release statute, permitting a defendant to bring his own motion for relief.[7]  Since then, a defendant may bring a motion for compassionate release from custody only if he

---

[4]Doc. 197; No. 16-20075, Doc. 29.

[5]Doc. 200.

[6]*United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell,* 81 F.3d 945, 947 (10th Cir. 1996)).

[7]First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

"has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. . . ."[8] Unless a defendant meets this exhaustion requirement, the court lacks jurisdiction to modify the sentence or grant relief.[9]

If the statutory prerequisites are met, the court may grant relief under § 3582(c)(1)(A) if (1) "extraordinary and compelling reasons" warrant a sentence reduction, or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ."[10]

Wright seeks compassionate release under § 3582(c)(1)(A) due to the COVID-19 pandemic. He argues that he is a non-violent offender and that his 87-month sentence would amount to a "death sentence" should he be housed with sick inmates. Wright asserts that his mother recently passed away from COVID-19, leaving his mentally ill brother without a caretaker, and that his efforts at rehabilitation warrant his release to care for his brother, himself, and his children. Wright has not indicated, however, that he has exhausted all of his administrative rights to appeal the BOP's failure to bring a motion on his behalf or that he has requested a compassionate release from the warden of FCI Yazoo City Low, and therefore, neither condition of § 3582(c) is met. Such failure to satisfy § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release and the courts lack

---

[8] 18 U.S.C. § 3582(c)(1)(A).

[9] *United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence).

[10] 18 U.S.C. § 3582(c)(1)(A)(i), (ii).

authority "to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic."[11]

Given the Court's conclusion that Mr. Wright has not exhausted his administrative remedies, it does not decide whether he has established that there are "extraordinary and compelling reasons" why he should be released. Although the Court is sympathetic to Wright's family issues and the exigent circumstances surrounding the pandemic, it "may not take action where it lacks statutory authorization to do so."[12] Accordingly, the Court lacks jurisdiction over Wright's request for a sentence reduction under § 3582(c)(1)(A).

The Court notes that Wright mentions in his motion that Attorney General Barr "gave specific directives." It appears Wright is referencing the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"),[13] under which he potentially could seek relief from the BOP, which may place a prisoner "in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."[14] Under the CARES Act, "if the Attorney General finds that emergency conditions will materially affect" BOP functioning, the BOP Director may "lengthen the maximum amount of time for which [he] is authorized to place a prisoner in home confinement" under § 3624(c)(2).[15] The Attorney General recently declared that because of COVID-19, "emergency conditions are materially affected the functioning" of the BOP and thus

---

[11]*See, e.g.*, *United States v. Boyles*, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020) (citation omitted); *United States v. Moore*, No. 15-10132-01-EFM, 2020 WL 2061429, at *2 (D. Kan. Apr. 29, 2020); *United States v. Nash*, No. 19-40022-01-DDC, 2020 WL 1974305, at *3 (D. Kan. Apr. 24, 2020); *United States v. Brown*, No. 12-20066-37-KHV, 2020 WL 1935053, at *2 (D. Kan. Apr. 22, 2020).

[12]*United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *2 n.2 (D. Colo. Apr. 3, 2020).

[13]Pub. Law 116-136 (enacted March 27, 2020).

[14]18 U.S.C. § 3624(c)(2).

[15]Pub. Law 116-136, § 12003(b)(2).

the BOP Director has authority to grant home confinement to a larger group of prisoners.[16]  The Court, however, lacks jurisdiction to order home detention under this provision.[17]  Wright should address his request for home confinement under the CARES Act to his case manager at the BOP.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Imon Wright's Motion for Sentence Reduction (Doc. 201) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED.**

Dated: May 8, 2020

                                                 S/ Julie A. Robinson
                                                JULIE A. ROBINSON
                                                CHIEF UNITED STATES DISTRICT JUDGE

---

[16]*See* Memorandum from Attorney Gen. William Barr to Dir. Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download.

[17]*See United States v. Brown*, No. 12-20066-KHV, 2020 WL 1935053, at *2 (D. Kan. Apr. 22, 2020) (citing *United States v. Engleson*, No. 13-CR-340-3(RJS), 2020 WL 1821797, at *1 (S.D.N.Y. Apr. 10, 2020) (holding while court can recommend, ultimate decision whether to release inmate to home confinement rests with BOP)).